IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY OWENS,         :

    Plaintiff,

v.         :         Case No. 3:12-cv-313

DOLGENCORP, LLC, d/b/a         :         JUDGE WALTER H. RICE
DOLLAR GENERAL, et al.,

    Defendants.         :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR SUBSTITUTION OF BANKRUPTCY TRUSTEE AS REAL PARTY IN INTEREST (DOC. #21); DIRECTING CLERK OF COURT TO NOTE SUBSTITUTION ON DOCKET; OVERRULING AS MOOT UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. #24), DEFENDANTS' OBJECTIONS THERETO (DOC. #26), AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #12), WHICH WAS CONVERTED TO A MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Tracy Owens filed suit against his former employer, Dolgencorp, and his former supervisor, Jason Olberding, alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, et seq. Defendants filed a Motion for Judgment on the Pleadings, Doc. #12, arguing that Plaintiff was judicially estopped from pursuing the FMLA claims because he had failed to disclose them in the context of his Chapter 13 bankruptcy case. Plaintiff maintains that the omission was inadvertent, and denies that he acted in bad faith. Because Plaintiff attached affidavits to his Memorandum in Opposition to Defendants' Motion for Judgment

on the Pleadings, Doc. #17, the Court converted that motion to a Motion for Summary Judgment.

On September 3, 2013, Plaintiff filed a Motion for Substitution of Bankruptcy Trustee as Real Party in Interest, Doc. #21. On September 12, 2013, Magistrate Judge Ovington issued a Report and Recommendation, Doc. #24, recommending that the Court overrule Defendants' Motion for Summary Judgment. Defendants filed timely Objections to the Report and Recommendations, Doc. #26. The Court turns first to Plaintiff's Motion for Substitution of Bankruptcy Trustee as Real Party in Interest, since it unquestionably affects the other pending matters.

### I.  Plaintiff's Motion for Substitution of Bankruptcy Trustee as Real Party in Interest (Doc. #21)

The doctrine of judicial estoppel seeks "to preserve the integrity of the courts by generally preventing a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Kimberlin v. Dollar General Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013) (internal citations and quotations omitted). Because a debtor has an ongoing duty to disclose all assets, including unliquidated litigation interests, to the bankruptcy court, the doctrine of judicial estoppel is often applied to bar claims brought in district court if the plaintiff has failed to disclose the existence of those claims in the bankruptcy proceedings. *Id.*

Nevertheless, in *Stephenson v. Malloy*, 700 F.3d 265 (6th Cir. 2012), the Sixth Circuit joined several other circuits in holding that "a debtor's errors or omissions should not be attributed to the trustee for purposes of judicial estoppel." *Id.* at 272. Therefore, even when a debtor fails to disclose the existence of a claim to the bankruptcy court, the trustee may pursue the claim for the benefit of creditors. *Id.* at 271-72. Relying on *Stephenson*, Plaintiff has moved to substitute Jeffrey M. Kellner, Plaintiff's Chapter 13 Bankruptcy Trustee, as the real party in interest, thereby rendering moot any defense of judicial estoppel. Doc. #21.

Defendants oppose Plaintiff's Motion for Substitution. Doc. #25. They properly note that, although the Sixth Circuit has not yet addressed the issue, it appears that Plaintiff, as a Chapter 13 debtor retaining possession of his assets, has standing to pursue the FMLA claims, and is the real party in interest entitled to enforce his rights under the FMLA.[1] *See In re Simmerman*, 463 B.R. 47, 56-57 (Bankr. S.D. Ohio 2011) (noting that five circuit courts have held that Chapter 13 debtors have standing to bring claims in their own names, and predicting that the Sixth Circuit would hold the same).[2] Defendants note that Plaintiff himself took

---

[1] Federal Rule of Civil Procedure 17(a) requires that an action be prosecuted in "the name of the real party in interest," defined by the Sixth Circuit as "the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994).

[2] In contrast, a Chapter 7 debtor has no standing to pursue claims that belong to the bankruptcy estate. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 440-42 (6th Cir. 1988).

3

this position in his Memorandum in Opposition to Defendants' Motion for Summary Judgment.

Defendants argue that because Plaintiff has standing and is the real party in interest, it would be inappropriate to "substitute" the Bankruptcy Trustee. The Court disagrees. In a Chapter 13 bankruptcy proceeding, the debtor and the trustee have *concurrent* standing to pursue claims on behalf of the estate, and both are real parties in interest. Federal Rule of Bankruptcy Procedure 6009 provides that, "[w]ith or without court approval, *the trustee or the debtor in possession* may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." (Emphasis added).

Therefore, regardless of whether the FMLA claims brought by *Plaintiff* are barred by the doctrine of judicial estoppel, the *Bankruptcy Trustee* has the ability to pursue those same exact claims on behalf of the bankruptcy estate. In terms of judicial economy, it makes little sense to dismiss Plaintiff's FMLA claims on judicial estoppel grounds only to have the Bankruptcy Trustee file a new lawsuit reasserting those same claims.

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." This Rule may also be used to substitute one party for another. *See* 7 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 1686 (3d ed. 2001) ("there is no reason why a substitution of parties cannot be made under Rule 21,

4

in the discretion of the court and in the interest of justice, in situations not covered by Rule 25.").[3]

The Court finds that, under the circumstances presented here, it is in the interest of justice to substitute Bankruptcy Trustee Jeffrey M. Kellner for Tracy Owens as the party plaintiff. While Owens may have a legal impediment to pursuing his FMLA claims, Kellner has none. Moreover, as Magistrate Judge Ovington noted in her Report and Recommendation, Plaintiff has amended his bankruptcy filings to disclose the existence of the FMLA claims, and the Bankruptcy Court has approved the hiring of Attorney Webber to represent Plaintiff in connection with this lawsuit. In addition, because Plaintiff's Chapter 13 Plan specifically provides that any proceeds obtained as a result of this lawsuit "shall be treated as additional plan payments to increase the dividend for unsecured creditors," Ex. B to Doc. #13, PageID#134, Plaintiff obtains no personal financial advantage as a result of the requested substitution.

For these reasons, the Court SUSTAINS Plaintiff's Motion for Substitution of Bankruptcy Trustee as Real Party in Interest. Doc. #21. The Clerk of Court is DIRECTED to substitute Jeffrey M. Kellner, Chapter 13 Bankruptcy Trustee, for Tracy Owens as the party plaintiff on the Court's docket.

---

[3] Federal Rule of Civil Procedure 25 permits substitution of parties only in cases of death, incompetency, transfer of interest, and separation from public office.

5

## II. Other Pending Motions

Given that the Bankruptcy Trustee will be substituted as the Plaintiff in this case and permitted to pursue the FMLA claims on behalf of the bankruptcy estate, the Court OVERRULES AS MOOT each of the following:

- United States Magistrate Judge's Report and Recommendation (Doc. #24);

- Defendants' Objections to Report and Recommendation (Doc. #26); and

- Defendants' Motion for Judgment on the Pleadings, which has been converted to a Motion for Summary Judgment (Doc. #12).

Date: December 19, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

United States Bankruptcy Court for the Southern District of Ohio, Western Division (re: Case No. 3:11-bk-36697)

Jeffrey M. Kellner, Chapter 13 Bankruptcy Trustee, 131 N. Ludlow St., Ste. 900, Dayton, OH 45402

6